Kenneth S. Roosa, Esq.
Cooke, Roosa & Valcarce, LLC
3700 Jewel Lake Road
Anchorage, Alaska 99501
Phone: 907-276-2744
Facsimile: 907-276-2744
Attorneys for Plaintiffs
Email: Ken@Bushlawyers.com



# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BENEDICT RAEL, on his own behalf and as Personal Representative of the Estate of KATIE ANN GILILA RAEL, Deceased, | 3:06-CV-00256 RRB<br>Case No. A06-_____ CV |
| Plaintiffs,<br>vs. | **COMPLAINT** |
| UNITED STATES OF AMERICA.<br>Defendant. | |

Plaintiff Benedict (Ben) Rael, on his own behalf and as Personal Representative of the Estate of Katie Ann Gilila Rael (Katie Rael), deceased, by and through counsel of record, Cooke, Roosa & Valcarce, LLC, and hereby claims and alleges as follows:

1. Plaintiff Ben Rael is a resident of the State of Alaska.

2. The acts or omissions upon which this cause is based occurred in Bethel, Alaska.

3. This suit is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, and this court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b).

4. Notice of this claim as required by 28 U.S.C. § 2675 was received by the U.S.

Department of Health and Human Services on April 11, 2006.

5. Defendant has not rendered a final decision and more than six months have elapsed since plaintiff submitted the administrative claim.

6. The Yukon Delta Regional Hospital (YKDRH) is operated by the Yukon Kuskokwim Health Corporation (YKHC). YKHC is a compacting entity of the Indian Health Service (IHS). Health care providers at YKDRH are employees of the United States for purposes of liability under the FTCA if they are employees of the YKDRH, acting within the scope of their employment and are carrying out the compact with the IHS at the time of the act which gives rise to the complaint.

7. At all times pertinent to this complaint, the employees of YKDRH who are alleged to have acted in a negligent manner were acting within the scope of their employment and were also carrying out YKHC's compact with the IHS.

8. Ben Rael is the surviving spouse of Katie Rael, an adult, who died on April 23, 2004. Ben Rael is the duly appointed, qualified, and acting personal representative of the Estate of Katie Rael.

9. On or about March 11, 2004, Katie Rael was seen in the outpatient clinic of the YKDRH in Bethel, Alaska. On that date she reported that she had sinus congestion and a large (2 by 2 centimeter) painful boil on her chest. The boil was sampled for laboratory testing. She was given Sudafed for her congestion and Tylenol 3 for her pain, and was told to change the packing on her boil 1 to 2 times per day. She was provided materials for home care of the boil, and was provided with educational information on how to properly care for it. (See Exhibit 1).

10. On March 13, 2004 the medical laboratory at the YKDRH determined from the swab taken from her boil that she was infected with staphyloccus aureus, and that the strain with which she was infected was methecillin resistant. Methecillin resistant staphyloccus aureus (MRSA) is also known as a "super bug". It is a highly dangerous infection, which occurs in residents of western Alaska, particularly the Bethel area, at an elevated rate. The lab tests which determined that she was infected with MRSA also identified several drugs to which the particular strain of MRSA with which Katie Rael was infected was *not* resistant. (See Exhibit 2).

11. Katie Rael returned to the YKDRH clinic on March 15, 2004, complaining of increased erethyma (redness and swelling) and increased pain. She was given an anti-inflammatory, Motrin, and two forms of Tylenol, one with and one without codeine. She was told to use hot packs, to medicate her pain appropriately, and to have her husband (partner) clean and pack her abscessed boil. She was not told that the bacillus had been identified as MRSA, nor was she given any antibiotic medication. She was told to come back to the clinic in 2 days, on March 19. (See Exhibit 3).

12. There is no record of Katie Rael going to the YKDRH clinic on March 17, 2004.

13. On March 25, 2004 Katie Rael returned to the YKDRH clinic for follow up treatment of her boil. It was then discovered that she had developed another boil on her torso, and the original boil was not healing. The area around the original boil was very tender. She was not told that laboratory tests had identified the infection as MRSA. She was given Septra, and was told to use hot packs and to return if her condition worsened. (See Exhibit 4). Septra and Cotrimoxazole are names used for a combination antibiotic called trimethoprim-

sulfamethoxazole. This antibiotic is in widespread use.

14. Trimethoprim-sulfamethoxazole, abbreviated TRIMETH/SULFA, was identified by the March 13, 2004 laboratory report as being one of the drugs to which the particular strain of MRSA with which Katie Rael was infected was only very slightly susceptible. In other words, of the antibiotics against which Katie Rael's infection was tested, Septra was the least effective of the drugs found to be in the "susceptible" range. It was clearly a poor choice of medications for Katie Rael, and could not be expected to be effective in treating her MRSA infection. (See Exhibit 2).

15. Pharmacy records confirm that on March 25, 2004 Janet Brindley, a nurse practitioner, prescribed 40 tablets of Cotrimethazole to Katie A. Gilila (Mrs. Rael's maiden name, apparently not changed in hospital records). (See Exhibit 5).

16. On April 13, 2004 Katie Rael when to the emergency room for treatment of her boil. Blood was drawn and she was sent home. She returned to the YKHC the following morning in very poor physical condition. The blood drawn the previous day revealed that she had a MRSA infection present in her bloodstream, a condition known as sepsis. (See Exhibit 6).

17. On April 14, 2004 Katie Rael was sent via air evacuation to the Anchorage Native Medical Center in Anchorage where, despite heroic measures, nine days later she suffered brain death as a result of complications related to the efforts to treat her sepsis. The strain of MRSA with which Katie Rael was infected was treatable with antibiotics present and available at the YKDRH, but she was not timely prescribed the appropriate medications, and she was not timely advised that she had been diagnosed with MRSA. Had Katie Rael been given the appropriate

medications, she would have recovered and would have likely lived to her normal life expectancy.

## COUNT I

18. Medical personnel employed by YKDRH were negligent in providing medical care to plaintiff's decedent Katie Rael. These negligent acts include, but are not limited to, failure to timely communicate a correct diagnosis of MRSA to Katie Rael, failure to properly treat a diagnosed dangerous infection, failure to prescribe and administer an appropriate intravenous antibiotic, failure to arrange adequate follow-up, failure to act with the necessary degree of urgency, and failure to keep adequate medical records.

19. As a direct and proximate result of the negligence of the defendant described above, the decedent sustained pre-death personal injury; great physical and mental pain, shock, agony and emotional suffering; loss of enjoyment of life; loss of love and companionship and other economic and non-economic losses all to her damage in excess of $75,000.00, the exact amount to be determined at trial.

## COUNT II

20. Plaintiff Ben Rael realleges and incorporates herein as though they were set out in full, all allegations of the preceding paragraphs of the complaint and further alleges that as a direct and proximate result of the negligence of the defendant described above, the plaintiff sustained negligent infliction of emotional distress and loss of love, support and consortium, injury, damage and loss including, but not limited to the following: past and future economic and non-economic damages, mental anguish and emotional distress; medical costs and related transportation, lodging and other expenses; burial expenses, loss of wages, loss of economic opportunities; loss of

subsistence opportunities; loss of support, loss of personal services, care and affection and consortium all to his damage in excess of $75,000.00, the exact amount to be determined at trial.

## COUNT III

21. Plaintiff brings this action for the benefit of decedent's Estate, and for the benefit of the statutory beneficiaries of the Estate under the provisions of Alaska Statute 09.55.580. Plaintiff Ben Rael, on behalf of the Estate of Katie Rael, realleges and incorporates herein as though they were set out in full, all allegations of the preceding paragraphs of the complaint and further alleges that as a direct and proximate result of the negligence of the defendant described above, decedent suffered severe physical and neurological injuries which caused decedent's death on April 23, 2004.

22. At the time of her death, decedent had a life expectancy of approximately 33 more years, was gainfully employed, and decedent's estate has been deprived of the present value of the accumulations that the decedent would have made to her estate had she lived out her life expectancy.

23. By reason of the injury and death of decedent, decedent's estate has incurred damage and loss including, but not limited to: loss of pecuniary benefits; loss of prospective inheritance; loss of contributions for support; loss of assistance and services; loss of prospective training and education; and medical and funeral expenses.

24. By reason of the injury and death of decedent, decedent's statutory beneficiaries and actual dependents have suffered the loss of consortium with their mother, and other damages including but not limited to loss of affection, loss of personal services, loss of support, shock,

inconvenience, mental anguish, agony, grief, and emotional suffering, loss of enjoyment of life; loss of love, affection, and companionship, as well as other past and future economic and non-economic damage and loss, all to their damage in excess of $75,000.00, the exact amount to be determined at trial.

WHEREFORE, the plaintiff prays for relief as follows:

A. An amount in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount to determined at trial;

B. For costs and such other and further relief as this court deems just and equitable.

DATED at Anchorage, Alaska, this _2nd_ day of November 2006.

COOKE, ROOSA & VALCARCE, LLC
Attorneys for Plaintiff

By: _____
Kenneth S. Roosa
3700 Jewel Lake Road
Anchorage, Alaska 99501
Telephone No.: (907) 276-2744
Facsimile No.: (907) 276-2746
E-mail: ken@bushlawyers.com
ABA No. 8306061

**Initial Service upon:**

Attorney General Alberto R. Gonzales
Office of the U.S. Attorney General
U.S. Department of Justice
Main Justice Building
10th & Constitution Avenue NW
Washington, D.C. 20530

Nelson Cohen, U.S. Attorney
Office of the U.S. Attorney, District of Alaska
U.S. Department of Justice
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567